UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOVELY ADAH,

                          Petitioner,

        v.                                          **DECISION AND ORDER**
                                                    12-CR-260S
                                                    13-CV-648S

UNITED STATES OF AMERICA,

                          Respondent.


# I.  INTRODUCTION

On August 29, 2012, Petitioner Lovely Adah appeared before this Court, waived indictment, and pled guilty to a one-count Information charging him with making a false statement in the application and use of a passport (18 U.S.C. § 1542). Petitioner was subsequently sentenced to time served, with no term of supervised release, and ordered to be delivered to immigration officials for deportation proceedings.  Presently before this Court is his *pro se* motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, this motion is denied.

# II.  DISCUSSION

## A.    Petitioner's § 2255 Motion

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  This section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the

> ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a).  The Second Circuit has held that a "collateral attack on a final

judgment in a criminal case is generally available under § 2255 only for a constitutional

error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes

a fundamental defect which inherently results in a complete miscarriage of justice."

Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United

States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

Petitioner's single contention is that he was deprived of the effective assistance of

counsel because his attorney failed to advise him prior to pleading guilty that he would be

deported back to Nigeria as a result. (Docket No. 21 at 4.) As the Government argues, "[a]

person who has completed his sentence and is being held subject to a removal action[] is

not in custody for the purpose of filing a habeas petition." Marte v. United States, 537, 540

(S.D.N.Y. 2013).   Here, Petitioner was sentenced to time served without any term of

supervised release.  Dismissal of the petition for want of jurisdiction is therefore warranted.

See Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008).

Further, dismissal is warranted even if the petition was considered one for *coram

nobis* relief. See Marte, 952 F. Supp. 2d at 540. Where, as here, a defendant's conviction

has been secured by way of a plea agreement, a defendant asserting an ineffective

assistance of counsel claim must demonstrate that counsel's performance fell below an

objective standard of reasonableness, and that this deficiency in performance affected the

outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, even if counsel failed to inform Petitioner of the risk of deportation, this issue was discussed at length in the plea agreement and during the plea colloquy.

Initially, the signed plea agreement states:

> The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain, and/or reside in the United States is subject to the laws, regulations, and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

(Docket No. 9 at 8-9.) Petitioner's testimony at his plea hearing the he discussed the plea agreement with counsel to his satisfaction and understood its contents (Docket No. 24 at 2, 8, 12, 14), given under oath, "carries such a strong presumption of accuracy." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). Further, the following exchange took place during the plea colloquy itself:

| | |
|---|---|
| The Court: | All right. And you admit that you do not have legal status in this country, is that correct? |
| Defendant: | Yes, your Honor. |
| The Court: | Okay. And you know that **once you're deported**, you cannot come back without proper permission of the Attorney General of the Secretary of Homeland Security, right? |
| Defendant: | Yes, your Honor. |

(Docket No. 24 at 14 (emphasis added).) Thus, contrary to Petitioner's current contention

3

that he was not informed of the possibility of deportation, the issue was expressly discussed prior to his pleading guilty. The alleged error of counsel cannot be said to have affected the outcome of the plea process. Hill, 474 U.S. at 58-59. Dismissal of the petition is therefore warranted on the merits as well.

## B.    Certificate of Appealability

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied*, 538 U.S. 950 (2003).  Petitioner has made no such substantial showing in this case.

## III.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## IV.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Amended Motion to Vacate, Set Aside or Correct  his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 21) is DENIED;

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED;

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3);

FURTHER, that the Clerk of the Court is directed to close 13-CV-648S.

SO ORDERED.

Dated: October 27, 2014
     Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
